IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM NORDHOLM, | CV 17-00011-BU-JCL |
| Plaintiff, | |
| vs. | ORDER |
| TIM BARKELL, et al., | |
| Defendants. | |

Plaintiff William Nordholm, a state prisoner proceeding in forma pauperis and without counsel, has filed a Motion for Copies and Request to Extend the Scheduling Order (Doc. 22) and a Motion to Quash Defendants' Subpoena to Montana State Prison (Doc. 23). The motions will be granted.

**I. Motion for Copies**

In his first motion, Nordholm seeks copies from the Court's docket at no cost to him. (Doc. 22.) He contends that due to his prison transfer he has been separated from his set of copies of documents in this case and cannot afford copies of his legal filings.

Given these circumstances and in order to move this case forward, the Court will grant the motion and direct the Clerk of Court to provide copies to Nordholm of the requested filings. No additional copies will be allowed without payment as

1

required by the Clerk's Office.

## II. Motion for Extension

In light of his inability to access his legal documents, Nordholm requests that the deadlines set forth in the scheduling order be extended by 90 days. (Doc. 22.) Defendants do not oppose the extension. (Doc. 24.) The motion will be granted.

## III. Motion to Quash

According to Nordholm, Defendants subpoenaed Montana State Prison to produce, "[a]ny and all prison intake documentation and reports, as well as treatment, medical, psychological and billing records that are in the possession custody or control related to William Nordholm." Nordholm states that the production is due on March 26, 2018. (Doc. 23.) He contends the subpoena seeks privileged or other protected matter. He calls the subpoena a "fishing expedition."

The Court construes Nordholm's filing as a motion for protective order and as such it will be granted. Pursuant to Federal Civil Procedure Rule 26(c), a court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " Fed. R. Civ. P. 26(c)(1). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the

discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). This burden can be met by showing that the sought after discovery is irrelevant. Fed.R.Civ.P. 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery . . . if it determines that . . . "the burden or expense of the proposed discovery outweighs its likely benefit"). "The compulsion of production of irrelevant information is an inherently undue burden" for which a protective order may issue. *Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D.Wash. 2010) (*citing Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335–36 (N.D.Cal.1995)); *Monte H. Greenawalt Revocable Trust v. Brown*, 2013 WL 6844760, *3 (D.Nev. Dec.19, 2013) ("Discovery requests seeking irrelevant information are inherently undue and burdensome"); *Ginena v. Alaska Airlines*, Inc., No. 04cv1304, 2011 WL 4749104, *1 (D.Nev. Oct.6, 2011) ("If discovery sought is not relevant, the court should restrict discovery by issuing a protective order.").

Rule 26 of the Federal Rules of Civil Procedure provides that the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

3

> discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). Nordholm raises claims regarding Defendants' policy of charging a booking and bonding fee (Count I), conspiracy to bring false charges (Count II), and retaliation (Counts III, IV). (Amended Complaint, Doc. 9.) The Court fails to see how Nordholm's medical and psychological records from the prison where he was detained after his incarceration in Anaconda-Deer Lodge County has any relevancy to the parties claims and defenses in this matter.

In light of the short time period prior to the production of the documents at issue, the Court will grant the motion subject to reservice of the subpoena should Defendants make the appropriate showing of relevancy.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Nordholm's Motion to Quash Defendants' Subpoena to Montana State Prison (Doc. 23) is GRANTED. Defendants' subpoena issued to Montana State Prison is QUASHED subject to reservice should Defendants make an appropriate showing of relevancy. The Clerk of Court is directed to serve a copy of this Order upon counsel for the Montana Department of Corrections.

2. Nordholm's Motion for Copies (Doc. 22) is GRANTED. The Clerk of Court shall provide Nordholm copies of the following docket entries: Complaint (Doc. 2), Order (Doc. 8); Amended Complaint (Doc. 9), Order (Doc. 11), Answer (Doc. 15), Scheduling Order (Doc. 16), and Notice of Consent (Doc. 20) without charge.

3. Nordholm's Motion to Extend the Scheduling Order (Doc. 22) is GRANTED. The following schedule is set for the disposition of Nordholm's claims.

## I. DISCOVERY

### A. Disclosure Statement

Within 60 days of the date of this Order, each party must file a statement that is no longer than 15 pages and that sets forth the following information:

1. a brief factual outline of the case;
2. the basis for federal jurisdiction and for venue in the Division;
3. the factual basis of each claim or defense advanced by the party;
4. the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;
5. a computation of damages;
6. the pendency or disposition of any related state or federal litigation, including the court in which the proceeding was filed, the caption of the case, and the court number;
7. proposed stipulations of fact;
8. identification of controlling issues of law suitable for pretrial

disposition;
9. the name of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses and a summary of that information; and
10. the status of any settlement discussions and prospects for compromise of the case.

**B. Documents, Tangible Things, and Recordings.** Within 60 days of the date of this Order:

**1. Plaintiff** shall serve Defendants copies of any of the following that are within the possession, custody, or control of Plaintiff (the parties should not file these documents with the Court):

a. All documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses; and

b. Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint.

**2. Defendants** shall serve Plaintiff copies of any of the following that are within the possession, custody, or control of Defendants, the City of Anaconda, and/or Deer Lodge County.

a. All documents, electronically stored information, and

tangible things that may be used in proving or denying any party's claims or defenses;

    b. Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint; and

    c. Reports of completed investigations by Defendants, the City of Anaconda, and/or Deer Lodge County, or others that may be used in proving or denying any party's claims or defenses.

If Plaintiff is incarcerated at the time of Defendants' document productions, discovery must be produced in hard copy so that it is permissible within the institution where he is incarcerated. Defendants must make arrangements for Plaintiff to view/listen to any audio/visual discovery that may not be permitted into the institution where he is incarcerated.

## II. SCHEDULE

A. The following schedule shall apply to all further proceedings and will not be modified except by leave of the Court upon a showing of good cause and only if a request is made before the expiration of the deadline at issue. *See* Fed. R. Civ. P. 6(b). The parties must consider and plan in advance for predictable schedule changes or demands on their time, such as other deadlines, trials, or

hearings, relocation to another facility, or infrequent or interrupted access to legal materials.

1. All motions to amend the pleadings must be served on or before **July 20, 2018**. *See* Local Rule 15.1 ("When a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit."). No amendments will be allowed after this date without a showing of good cause and with leave of Court. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

2. On or before **July 20, 2018**, Defendants shall file any dispositive motions based upon procedural defenses, that is, defenses that do not depend on the fruits of discovery, including but not limited to motions regarding an alleged failure to exhaust administrative remedies.

Motions regarding failure to exhaust administrative remedies must be filed as motions for summary judgment. *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Prior to the filing of any such motion, Defendants must serve Plaintiff with copies of any correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint as required by Paragraph B(1)(b). All correspondence, grievances, grievance appeals, and other

documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint must be attached to any motion for summary judgment alleging a failure to exhaust administrative remedies.

If Defendants fails to comply with this schedule, that failure may be deemed a waiver of these defenses.

Should Defendants file a motion for summary judgment based upon an alleged failure to exhaust administrative remedies, discovery and all deadlines set forth in this Scheduling Order are stayed pending resolution of that motion.

3. All discovery requests shall be served by **August 21, 2018**.

4. Discovery responses shall be served and all discovery completed by **September 25, 2018**. A duty to supplement discovery beyond the deadline may be imposed by Fed. R. Civ. P. 26(e).

5. Plaintiff may not serve or have issued any subpoena unless he first makes a motion to have them issued and obtains an Order from this Court approving issuance and service of the subpoena. To seek an Order of approval, Plaintiff must submit a proposed subpoena to the Court in final form and provide justification for it.

6. All pretrial motions with supporting briefs shall be filed and

served on or before **October 26, 2018**. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Plaintiff with a copy of the Court's Notice of Electronic Filing so Plaintiff is aware of the actual filing date for each motion. Plaintiff will be allowed an additional three days for mailing to be counted after the time period expires to file his response.

7. If no dispositive motions are filed on or before the motion deadline, defense counsel must assume responsibility for convening a conference of all parties for the purpose of preparing a Proposed Final Pretrial Order. Counsel shall ensure that all tasks are accomplished as set forth in the Attachment to this Order on or before **November 16, 2018**. A Final Pretrial Conference and trial date will then be set by further Order of the Court.

B. At all times during the pendency of this action, Plaintiff must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 19th day of March, 2018.

                                   */s/ Jeremiah C. Lynch*
                                   Jeremiah C. Lynch
                                   United States Magistrate Judge