IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM NORDHOLM,<br><br>Plaintiff,<br><br>vs.<br><br>TIM BARKELL, et al.,<br><br>Defendants. | CV 17-11-BU-JCL<br><br>ORDER |

**I. Introduction**

Plaintiff William Nordholm brings this action under 42 U.S.C. § 1983 against Defendant Anaconda-Deer Lodge County and that entity's law enforcement officers Tim Barkell, Bill Sather, Richard Pasha, Mark Durkin, and Brandon Staley, alleging they violated the rights secured him by the First, Fifth, and Fourteenth Amendments to the United States Constitution. Nordholm seeks injunctive and declaratory relief as well as monetary compensation.

Nordholm advances three claims for relief: Count I asserts a due process violation resulting from the policy of Anaconda-Deer Lodge County ("ADLC") charging pretrial detainees "booking" and "bonding"/"holding" fees. Count II

asserts a due process violation stemming from an alleged conspiracy on the part of Pasha – and an unknown officer – to file false criminal charges against Nordholm. Finally, Count III advances a claim against various ADLC detention officers for allegedly violating his First Amendment rights by failing to provide him with grievance forms, failing to respond to his grievances and medical requests, and failing to forward his mail.

Before the Court is Defendants' consolidated motion for partial summary judgment seeking dismissal of Count I on the ground that Nordholm has failed to exhaust the administrative remedies purportedly available as required by the Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e(a). Defendants also allege those aspects of Count I seeking declaratory and injunctive relief are moot because Nordholm is no longer incarcerated at ADLC. Nordholm opposes Defendants' motion.[1]

## II. Factual Background

Nordholm lists three separate instances in which he allegedly incurred fees as a pretrial detainee at ADLC and before being released on bond. Nordholm

---

[1] Nordholm's response in opposition to Defendants' motion for partial summary judgment requests a cross-motion for summary judgment on all issues relating to administrative exhaustion. (Doc. 42-1 at 4.) Nordholm's response, however, contains opposition only and does not constitute an independent cross-motion for summary judgment sufficient to satisfy the requisites of Fed. R. Civ. P. 56.

complains that on each instance he was charged a "booking" and "bonding" fee. Nordholm challenges the constitutional validity of the fees, emphasizing he was never provided notice or hearing to contest the fees.

Defendants admit to charging Nordholm $285 for "booking and holding fees." (Doc. 37 at 2.) In this regard, ADLC admits it received $23 directly from Nordholm. But with respect to the remaining $262 of the fees, ADLC simply states, without explanation, that amount was paid by a bonding company. (Doc. 37-22.)

For the reasons discussed below, Defendants' motion for partial summary judgment for failure to exhaust administrative remedies is denied.[2] Defendant's motion asserting Nordholm's claims are moot is denied with respect to his claim for declaratory relief, but granted as to his claim for injunctive relief.

**III. Discussion**

Summary judgment is to be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Because Nordholm is proceeding pro se, the Court must construe his documents liberally and give them "the benefit of the doubt" with

---

[2] At this juncture, the Court need not address the correlative issue of whether the fees at issue constitute a "prison condition" within the contemplation of the PLRA.

respect to Defendants' motion for partial summary judgment. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007). On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Anderson*, 477 U.S. at 255.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory.

4

*Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The defendant may assert a plaintiff's failure to exhaust as an affirmative defense. *Id.* at 204. If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

Defendants have failed to provide sufficient evidence to demonstrate that an available administrative remedy existed. "Relevant evidence . . . would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure[.]" *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). Defendants attempt to demonstrate the existence of administrative remedies through Plaintiff's own use of the jail's purported grievance system. (Defs.' Br. in Support of Mot. for Partial Summ. J., Doc. 36 at 4.) But Defendants do not present a formally adopted grievance

procedure sufficient to sustain their initial burden to show an administrative remedy actually existed at the time pertinent to Plaintiff's claim. By contrast, Plaintiff alleges that he asked and never received a copy of the ADLC grievance procedure. (Resp. to Defs.' Mot. for Partial Summ. J., Doc. 42-1 at 2; *see also* Doc 37-1 at 4.)

This Court cannot discern whether Plaintiff exhausted his administrative remedies through the ADLC grievance procedure because the ADLC grievance procedure remains a mystery.

In order to address the totality of Defendants' arguments, we may suppose for a moment that Defendants had established the existence of administrative remedies. Defendants then contend that Plaintiff could not have exhausted such remedies because Plaintiff "did not submit an inmate grievance request asking for further procedures in regard to booking or bonding fees or asserting that any of his prior booking or bonding fees were improper." (Doc. 36 at 6.) Instead, Plaintiff's repeated grievances inquired under what authority the ADLC jail charges booking and bonding fees (Doc. 37-3, 37-4, & 37-5). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Akhtar v. Mesa*, 698 F.3d 1202,

1211 (9th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Again, without the formal ADLC grievance procedure, it is difficult for the Court to establish what level of detail was needed for Plaintiff's complaint to comply with the ADLC grievance procedure. Defendants therefore have not sustained their burden in establishing that Plaintiff's complaint was insufficient.[3]

### B. Mootness

Defendants next argue that Nordholm's requests for declaratory and injunctive relief are moot. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980)). Because Nordholm is no longer detained at the ADLC jail, his claims for injunctive relief are no longer live and therefore moot.[4] However, Nordholm maintains a claim for declaratory relief.

---

[3]*Akhtar* goes on to say that grievances submitted under grievance procedures that do not contain instructions regarding the detail necessary to form a complaint must at least "alert the prison to the nature of the wrong for which redress is sought." 698 F.3d 1202, 1211. Such instructions presume that a formal grievance procedure is present, which is yet to be demonstrated here.

[4]Defendants urge the Court to rule consistent with Montana District Court with respect to Nordholm's claims for injunctive relief. But the claims before the Montana District Court were separate and distinct from the claims presented here and have no bearing on this Court's ruling.

Construing the complaint liberally, Nordholm seeks declaratory relief in the form of a declaration that ADLC's booking and bonding fee are unconstitutional and have deprived him of procedural due process. This Court may issue declaratory judgment in "any case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory Judgment Act, 28 U.S.C. § 2201(a); *see also* Unif. Declaratory Judgments Act § 2 (1922) (permitting the Court to construe a municipal ordinance to determine its validity and issue a declaration of rights). "The purpose of the Declaratory Judgment Act is to give litigants an early opportunity to resolve federal issues to avoid 'the threat of impending litigation.'" *Biodiversity Leg. Found. v. Badgley*, 309 F.3d 1166, 1172 (9th Cir. 2002) (quoting *Seattle Audubon Soc'y v. Moseley,* 80 F.3d 1401, 1405 (9th Cir.1996)).

Nordholm's claim for declaratory relief is not moot. He seeks monetary damages based on the booking fees he believes are unconstitutional. The "test for mootness in the context of a case, like this one, in which a plaintiff seeks declaratory relief ... is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment." *Biodiversity Leg. Found.* 309 F.3d at 1174-75 (internal quotations omitted). Because a substantial controversy still exists between Nordholm and ADLC, his pursuit of a declaratory judgment cannot be rendered moot.

Furthermore, the controversy at issue remains if ADLC's booking and bonding fees are "capable of repetition but evading review." *See Schafer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000). Defendants contend that the booking and bonding fees were proper. (Doc. 36 at 6, n.2). To render Nordhom's claim moot because he had been transferred to another facility would foreclose almost any plaintiff's challenge to the ADLC booking and bonding fees given the short timeframe most inmates are detained in a county jail. Presently, this Court does not have sufficient information to decide whether ADLC continues to charge booking and bonding fees. Therefore, we cannot say whether Nordholm's claims regarding their constitutionality can be repeated. Accordingly, Nordholm's claim for declaratory judgment is not rendered moot at this time.

## IV. Conclusion

Based on the forgoing, IT IS HEREBY ORDERED Defendants' motion for partial summary judgment is DENIED with respect to Nordholm's exhaustion of administrative remedies and his claim for declaratory relief. But the motion is

9

GRANTED with respect to Nordholm's claim for injunctive relief, and the claim is DISMISSED.

DATED this 23rd day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge